# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

GREAT CAESARS GHOST LLC,

*Plaintiff,*

v.

CINDY UNACHUKWU,

*Defendant.*

Civil Action No. 19-5408

**AMENDED ORDER**

**John Michael Vazquez, U.S.D.J.**

The Court previously denied Plaintiff's request for an order to show cause with temporary restraints because Plaintiff's motion was legally insufficient. D.E. 5. On February 14, 2019, Plaintiff Great Caesars Ghost LLC filed an Amended Verified Complaint, D.E. 6-1, and a motion for a temporary restraining order and preliminary injunction, D.E. 6. Plaintiff alleges that it and Defendant Cindy Unachukwu voluntarily entered into a Settlement Agreement (the "Agreement") that contained a non-disparagement provision. The Agreement also contained a clause providing that if Unachukwu breached the non-disparagement provision, Plaintiff could seek the "immediate entry" of the "Consent Permanent Injunction," which was attached to the Agreement as Exhibit A, and that Unachukwu could not oppose entry of the Consent Permanent Injunction in the event of such a breach. Compl. ¶¶ 13-17. Moreover, the Agreement provides that breach of the non-disparagement provision constitutes irreparable injury to Plaintiff. *Id.* ¶ 17. Plaintiff alleges that Unachukwu admits that she intended to breach the non-disparagement provision, *id.* ¶¶ 18-22, and that any disparaging or defamatory comments that Unachukwu may make to Plaintiff's clients or

vendors would cause significant and irreparable harm, *id.* ¶ 23. As a result, Plaintiff seeks injunctive relief to enforce the Agreement; and it

**APPEARING** that pursuant to Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order ("TRO") when "there is a possibility that irreparable injury will occur before the hearing on a preliminary injunction required by Rule 65(a)." *Int'l Foodsource, LLC v. Grower Direct Nut Co.*, No. 16-3140, 2016 WL 4150748, at *6 (D.N.J. Aug. 3, 2016) (quoting *Trefelner ex rel. Trefelner v. Burrell Sch. Dist.*, 655 F. Supp. 2d 581, 588 (W.D. Pa. 2009)). "The grant or denial of a temporary restraining order or a preliminary injunction is within the discretion of the Court." *Fed'n of State Massage Therapy Bds. v. Acad. of Oriental Therapy, LLC*, No. 13-06317, 2013 WL 5888094, at *1 (D.N.J. Oct. 28, 2013) (citing *American Exp. Travel Related Services, Inc. v. Sidamon–Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012)); and it further

**APPEARING** that "[t]he standard used to evaluate whether the issuance of a temporary restraining order is warranted is the same as that used to evaluate whether the issuance of a preliminary injunction is appropriate." *Ne. Lumber Mfr. Assoc. v. Sky of N.Y. Corp.*, No. 16-9487, 2016 WL 7491903, at *2 (D.N.J. Dec. 29, 2016). That standard requires that the moving party show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). As for the second element, a party seeking a TRO or preliminary injunction must demonstrate "a clear showing of immediate irreparable injury." *AV Sols., LLC v. Keystone Enter. Servs., LLC*, No. 11-3503, 2011 WL 2971222, at *2 (D.N.J. July 19, 2011); and it further

**APPEARING** that Plaintiff fails to clearly establish that it will suffer immediate irreparable harm if a temporary restraining order is not issued. As the Court previously indicated, D.E. 5 at 2, Plaintiff cannot rely on the Agreement alone to establish irreparable harm, *AV Sols, LLC*, 2011 WL 2971222, at *3, and otherwise fails to sufficiently explain how Unachukwu's threatened conduct would cause Plaintiff irreparable harm, *id.* at *2. For this reason, and for good cause shown

IT IS on the 19th day of February, 2019,

**ORDERED** that Plaintiff's motion for a temporary restraining order, D.E. 6, is **DENIED**; and it is further

**ORDERED** that as to Plaintiff's motion for a preliminary injunction, Defendant shall file any opposition by February 25, 2019; and it is further

**ORDERED** that Plaintiff shall file any reply by February 27, 2019; and it is further

**ORDERED** that the Court shall hear oral argument on whether a preliminary injunction should issue on February 28, 2019 at 11:00 a.m. in Courtroom Three of the Lautenberg U.S. Post Office and Courthouse, 2 Federal Square, Newark, New Jersey; and it is further

**ORDERD** that Plaintiff shall serve Defendant with a copy of this Order by February 22, 2019. Plaintiff shall post proof of proper service to the docket.

John Michael Vazquez, U.S.D.J.