Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREAT CAESARS GHOST LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>CINDY UNACHUKWU,<br><br>*Defendant.* | Civil Action No. 19-5408<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Plaintiff's unopposed motion for default judgment against Defendant Cindy Unachukwu pursuant to Federal Rule of Civil Procedure 55(b). D.E. 41. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiff's motion is **DENIED**.

I.  **FACTS AND PROCEDURAL HISTORY**

This action began with a motion for a temporary restraining order filed by Plaintiff Great Caesars Ghost LLC ("GCG"). Through its motion, GCG sought to enforce a non-disparagement provision in a Settlement Agreement between the parties. D.E. 1-3.

GCG buys merchandise from vendors then resells the merchandise through Internet vendors like Amazon.com. Am. Compl. ¶ 7. *Pro se* Defendant Cindy Unachukwu was an independent contractor for GCG. *Id.* ¶ 9. On December 3, 2018, Defendant's business relationship with GCG ended, *id.* ¶ 10, and the parties entered into a Separation Agreement on December 21, 2018, *id.* ¶ 11. On January 7, 2019, GCG "notified [Defendant] of its intent to pursue litigation

based upon its investigation of certain facts" indicating that Defendant breached the Separation Agreement. *Id.* ¶ 12. The parties then amicably resolved the dispute and entered into the Settlement Agreement on January 23, 2019 to memorialize their agreement. In the Settlement Agreement, Defendant agreed to honor a Non-Disparagement Clause providing that Defendant

> [w]ill not at any time make any remarks or comments, orally, in writing, or via social media, to the media or others (including but not limited to Amazon) who have, or could reasonably be anticipated to have, business dealings with [Plaintiff], which remarks or comments could be construed to be derogatory, insulting, critical, defamatory, or disparaging to [Plaintiff] or any of its officers, directors, employees, attorneys or agents, or which reasonably could be anticipated to be damaging or injurious to [Plaintiff's] reputation or good will or to the reputation or good will of any person associated with [Plaintiff].

*Id.* Ex. 1, ¶ 9. The Settlement Agreement also provided that if Defendant breached the Non-Disparagement Clause, Defendant consented to entry of a "Consent Permanent Injunction." *Id.* ¶ 17, Ex. 1, ¶ 11. The Consent Permanent Injunction, which was agreed upon by the parties, was attached to the Settlement Agreement as Exhibit A. *Id.* ¶ 16. The Court denied Plaintiff's first two motions for temporary injunctive relief on the papers, D.E. 5, 9, and denied the initial motion for a preliminary injunction after hearing oral argument on the motion on March 8, 2019, D.E. 19.

On March 21, 2019, Plaintiff filed a renewed application for injunctive relief based on Defendant's alleged conduct after the preliminary injunction was denied. Specifically, on March 12, 2019, Plaintiff alleges that Defendant posted a public message on Facebook that accused John Kriens, the sole shareholder of GCG, of among other things, hacking into Defendant's Internet accounts to delete documents and change her passwords. D.E. 21. Plaintiff reached out to several business contacts to confirm that they received the March 12 Facebook message sent by Defendant. *Id.* at 2. In light of these new factual allegations, and after oral argument on the renewed application, the Court granted Plaintiff's motion for temporary injunctive relief on March 27, 2019.

D.E. 25. The Temporary Restraining Order enjoined Defendant from violating the Non-Disparagement Clause of the Settlement Agreement. *Id.* On April 11, 2019, the Court granted Plaintiff's motion for a preliminary injunction. D.E. 29.

Although Defendant appeared at oral arguments in this matter, Defendant never filed an answer or otherwise responded to the Amended Complaint. As a result, on September 3, 2019, the Clerk entered default as to Defendant for failure to plead or otherwise defend. On October 23, 2019, Plaintiff filed the instant motion, which requests that the Court convert the preliminary injunction into a permanent injunction. D.E. 41. Defendant subsequently filed a letter with the Court asking, for among other things, an extension of time to respond to the pending motion. D.E. 42. The Court provided Defendant with an extension of time until January 2, 2020 to file any opposition to the motion for default judgment. D.E. 43. To date, however, Defendant has not filed any opposition. Accordingly, Plaintiff's motion is unopposed.

## II. LAW AND ANALYSIS

### A. Standard of Review

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assoc. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever

practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment, the Court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Id.*; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

### B. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Section 1332 provides that a district court has diversity jurisdiction when: (1) the dispute is between "citizens of different States" and (2) the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). In addition, for purposes of diversity jurisdiction, the citizenship of a limited liability company "is determined by the citizenship of its members." *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Plaintiff is a limited

liability company and its sole member, John Kriens, is a citizen of New Jersey. Defendant is a New York domiciliary. As for the amount in controversy, this Court previously determined that it was not clear to a legal certainty that the amount in controversy is less than $75,000.[1] Mar. 27, 2019 Transcript 18:3-5, D.E. 30. Thus, subject matter jurisdiction exists.

The Court also has personal jurisdiction over Defendant. "[A] district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." *Metcalf v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). The Court must first determine whether the relevant state long-arm statute permits the exercise of jurisdiction, and then must decide whether the exercise of jurisdiction comports with due process. *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016). In New Jersey, "courts may exercise jurisdiction over a non-resident defendant to the uttermost limits permitted by the United States Constitution." *Nicastro v. McIntyre Mach. Am., Ltd.*, 201 N.J. 48, 72 (2010) (internal quotation marks omitted), *rev'd on other grounds sub nom., J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011); *see also* N.J. Court R. 4:4-4(b)(1). "Accordingly, in determining whether personal jurisdiction exists, we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (internal quotation marks omitted).

---

[1] If a plaintiff asserts diversity jurisdiction, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *see Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997). But if a defendant can show "to a legal certainty" that the amount in controversy is $75,000 or below, then diversity jurisdiction is defeated. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).

Specific jurisdiction requires that the defendant "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities."[2] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal citations and quotation marks omitted). The analysis depends upon "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). For a contract claim, a court analyzes the totality of circumstances surrounding the contract to determine whether it may properly exercise jurisdiction over the defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 99 (3d Cir. 2004). This test is not "the equivalent of a requirement that the defendants' contacts with the forum be the proximate cause of the plaintiff's claims." *Id.* Rather, a court must consider whether the defendant's contacts with the forum were instrumental in either the formation or the breach of the contract. *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006); *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (citation omitted); *see also Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 (3d Cir. 1996) ("In determining whether specific jurisdiction exists, however, we consider not only the contract but also 'prior negotiations and contemplated future consequences, along with the terms of the contract and *the parties' actual course of dealing*.'" (emphasis added)) (quoting *Burger King*, 471 U.S. at 479)). Physical entrance into the jurisdiction is not required, during negotiations or any other time, to find jurisdiction over a non-resident. *Corigliano v. Classic Motor, Inc.*, 611 F. App'x 77, 80 (3d Cir. 2015); *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993). Rather, telephone, wire, and other electronic "communications can constitute contacts with the forum state." *Telcordia Tech Inc.*, 458 F.3d at 177 (citing *Burger King Corp.*, 471 U.S. at 476));

---

[2] Because Defendant resides in New York, there does not appear to be any basis by which the Court could exercise general personal jurisdiction over Defendant. As a result, the Court focuses its analysis on specific jurisdiction.

6

*Gen. Elec. Co.*, 270 F.3d at 151. Here, Plaintiff worked as an independent contractor for Plaintiff, a New Jersey entity, and then the parties negotiated and entered into two separate contracts when Defendant's employment ended. Moreover, Defendant's conduct in breaching the Settlement Agreement would harm a New Jersey business and resident. Personal jurisdiction over Defendant has been sufficiently established.

### C. Sufficiency of Plaintiffs' Causes of Action and Proof of Damages

Next, the Court must determine whether the complaint states a proper cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36. The Amended Complaint asserts claims for breach of contract (Count One), tortious interference (Count Two) and breach of the covenant of good faith and fair dealing (Count Three). But when litigating this case, Plaintiff, and therefore this Court, focused solely on the breach of contract claim. Moreover, in its motion for default judgment, Plaintiff solely "relies upon the record in this case and the Declaration submitted herein." Notice of Motion, D.E. 41. Plaintiff did not file a brief in support of its motion or provide any substantive analysis explaining why a default judgment is appropriate. Declaration of Mark A. Saloman ¶ 8 (stating that an additional memo of law is not required for Plaintiff's motion for default judgment). Therefore, because Plaintiff has only addressed the breach of contract claim in this matter, the Court will only address the breach of contract claim in this motion.

Under New Jersey law, to state a claim for breach of contract, a plaintiff must allege that there is (1) a valid contract; (2) plaintiff performed under the contract; (3) defendant's breach of the contract; and (4) resulting damages. *Lacroce v. M. Fortuna Roofing, Inc.*, No. 14-7329, 2017 WL 431768, at *5 (D.N.J. Jan. 31, 2017). Plaintiff alleges that there was a valid contract, the Settlement Agreement, and that it performed under the contract. Am. Compl. ¶¶ 13-17. Through

its renewed application for a temporary restraining order on March 21, 2019 and the accompanying declaration of John Kriens, Plaintiff establishes that Defendant breached the non-disparagement clause of the Agreement. D.E. 21.

Plaintiff, however, fails to establish that it suffered damages as a result of the breach. In the Amended Complaint, Plaintiff alleges that a breach of the Settlement Agreement *will* cause significant and irreparable harm to Plaintiff. Am. Compl. ¶ 23. Further, in Plaintiff's renewed application for a temporary restraining order, Plaintiff argues that there are "demonstrated threats *to harm* GCG's business and reputation." D.E. 21-1 at 3 (emphasis added). Plaintiff does not state that it has actually been damaged. Moreover, in granting Plaintiff's motion for a temporary restraining order, the Court only concluded that there was a risk of imminent irreparable harm. Mar. 27, 2019 Transcript 22:9-23-18. Without pleading resulting damages from Defendant's breach, Plaintiff fails to state a breach of contract claim.

Even if Plaintiff stated a claim for breach of contract, the Court could not provide Plaintiff with its requested damages. Plaintiff does not seek monetary damages here. Rather, Plaintiff requests that this Court convert the preliminary injunction into a permanent injunction. Declaration of Mark A. Saloman ¶ 7. A court may issue a permanent injunction in the context of a default judgment if a plaintiff establishes

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Moreno v. Tringali*, No. 14-4002, 2017 WL 2779746, at *11 (D.N.J. June 27, 2017) (quoting *E.A. Sween Co., Inc. v. Deli Exp. Of Tenafly, LLC*, 19 F. Supp. 3d 560, 576 (D.N.J. 2014)) (granting permanent injunction based on the defendant's breach of a non-disparagement clause). As

8

discussed, Plaintiff fails to establish that it suffered any injury, let alone an irreparable injury. Without the presence of any injury, the Court cannot enter a permanent injunction.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment (D.E. 41) is **DENIED**. An appropriate Order accompanies this Opinion.

Dated: January 10, 2020

_____
John Michael Vazquez, U.S.D.J.