<u>Not for Publication</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREAT CAESARS GHOST LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CINDY UNACHUKWU,<br><br>*Defendant*. | Civil Action No. 19-5408<br><br><u>**OPINION**</u> |

<u>**John Michael Vazquez, U.S.D.J.**</u>

This matter comes before the Court on Plaintiff's unopposed motion for default judgment against Defendant Cindy Unachukwu pursuant to Federal Rule of Civil Procedure 55(b). D.E. 64. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiff's motion is **GRANTED**.

**I.    FACTS AND PROCEDURAL HISTORY**

This action began with a motion for a temporary restraining order filed by Plaintiff Great Caesars Ghost LLC ("GCG"). Through its motion, GCG sought to enforce a non-disparagement provision in a Settlement Agreement between the parties. D.E. 1. GCG buys merchandise from vendors then resells the merchandise through Internet vendors like Amazon.com. Am. Compl. ¶ 7, D.E. 6-1. *Pro se* Defendant Cindy Unachukwu was an independent contractor for GCG. *Id.* ¶ 9. On December 3, 2018, Defendant's business relationship with GCG ended, *id.* ¶ 10, and the parties entered into a Separation Agreement on December 21, 2018, *id.* ¶ 11. On January 7, 2019, GCG "notified [Defendant] of its intent to pursue litigation based upon its investigation of certain

facts" indicating that Defendant breached the Separation Agreement.  *Id.* ¶ 12.  The parties then amicably resolved the dispute and entered into the Settlement Agreement on January 23, 2019 to memorialize their agreement.  In the Settlement Agreement, Defendant agreed to honor a Non-Disparagement Clause, which provided that Defendant

> [w]ill not at any time make any remarks or comments, orally, in writing, or via social media, to the media or others (including but not limited to Amazon) who have, or could reasonably be anticipated to have, business dealings with [Plaintiff], which remarks or comments could be construed to be derogatory, insulting, critical, defamatory, or disparaging to [Plaintiff] or any of its officers, directors, employees, attorneys or agents, or which reasonably could be anticipated to be damaging or injurious to [Plaintiff's] reputation or good will or to the reputation or good will of any person associated with [Plaintiff].

*Id.* Ex. 1, ¶ 9.  The Settlement Agreement also provided that if Defendant breached the Non-Disparagement Clause, Defendant agreed to entry of a "Consent Permanent Injunction."  *Id.* ¶ 17, Ex. 1, ¶ 11.  The Consent Permanent Injunction, which was agreed upon by the parties, was attached to the Settlement Agreement as Exhibit A.  *Id.* ¶ 16; *see also* Am. Compl. Ex. A.  The Court denied Plaintiff's first two motions for temporary injunctive relief, D.E. 5, 9, and denied the initial motion for a preliminary injunction after hearing oral argument on the motion on March 8, 2019, D.E. 19.

On March 21, 2019, Plaintiff filed a renewed application for injunctive relief based on new allegations of wrongful conduct that occurred after the preliminary injunction was denied.  D.E. 21.  After oral argument on the renewed application, the Court granted Plaintiff's motion for temporary injunctive relief on March 27, 2019.  D.E. 25.  The Temporary Restraining Order enjoined Defendant from violating the Non-Disparagement Clause of the Settlement Agreement. *Id.*  On April 11, 2019, the Court granted Plaintiff's motion for a preliminary injunction.  D.E. 29.

Although Defendant initially appeared at oral arguments in this matter, Defendant never filed an answer or otherwise responded to the Amended Complaint and has not appeared for any Court appearances since April 11, 2019.  As a result, on September 3, 2019, the Clerk entered default as to Defendant for failure to plead or otherwise defend.  On October 23, 2019, Plaintiff filed an unopposed motion for entry of default judgment via permanent injunction. D.E. 41.  The Court denied Plaintiff's motion on January 13, 2020 because it failed to sufficiently allege any damages. D.E. 45.

Plaintiff filed a renewed motion for injunctive relief and to hold Defendant in contempt on February 17, 2020, due to new allegations of wrongful conduct.  Plaintiff contends that on February 13 and 14, 2020, Defendant contacted Amazon and Macy's, and made disparaging comments about Plaintiff and its owner, John Kriens. D.E. 48-1.  Plaintiff included copies of these emails with its motion. D.E. 49.  Plaintiff further alleged that Defendant threatened to continue making similar disparaging remarks via email.  *Id.*  On March 18, 2020, the Court granted Plaintiff's unopposed motion to hold Defendant in contempt for willfully violating the April 11, 2019 preliminary injunction order, and ordered that Defendant pay Plaintiff the reasonable costs incurred in bringing the motion, in the amount of $7,500. D.E. 63.  The Court further granted leave to Plaintiff to refile its motion for default judgment to convert the preliminary injunction into a permanent injunction.  *Id.*  On March 20, 2020, Plaintiff filed a renewed motion for default judgment. D.E. 64.  Defendant did not file any opposition to Plaintiff's motion.

## II.     LAW AND ANALYSIS

### A.  Standard of Review

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assoc. v. V.I. Bd. of Tax*

*Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment for failure to plead, the Court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Id.*

### B. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

In its first default judgment opinion, the Court determined that it has diversity jurisdiction over the matter and personal jurisdiction over Defendant. Jan. 10 Opinion at 4-7, D.E. 44. There is no basis to disturb those findings. As a result, the Court incorporates its analysis and conclusions from the January 10 Opinion, and finds that there is both subject matter and personal jurisdiction here.

### C. Causes of Action

Next, the Court must determine whether the complaint states a proper cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36. The Amended Complaint asserts claims for breach of contract (Count One), tortious interference (Count Two) and breach of the covenant of good faith and fair dealing (Count Three). Because Plaintiff predominately relied on its breach of contract claim through this litigation, the Court will focus on this claim as well.

Under New Jersey law, to state a claim for breach of contract, a plaintiff must allege that there is (1) a valid contract; (2) plaintiff performed under the contract; (3) defendant's breach of the contract; and (4) resulting damages. *Lacroce v. M. Fortuna Roofing, Inc.*, No. 14-7329, 2017 WL 431768, at *5 (D.N.J. Jan. 31, 2017). Plaintiff alleges that there was a valid contract, the Settlement Agreement, and that it performed under the contract. Am. Compl. ¶¶ 13-17. Through its renewed application for injunctive relief and contempt, and the accompanying declaration of John Kriens, Plaintiff establishes that Defendant breached the non-disparagement clause of the Agreement. D.E. 48, 49. Plaintiff also pleads that because of its business model, its positive business reputation and good will with its vendors and online sellers is "essential to its success as a small business." Am. Compl. ¶¶ 7-8. Accordingly, the fact that Plaintiff actually sent disparaging emails to Amazon and Macy's is sufficient to establish damage to Plaintiff. *See, e.g.*,

*Aetrex Worldwide, Inc. v. Sourcing for you Ltd.*, No. 14-2504, 2019 WL 1349763, at *1 (D.N.J. Mar. 26, 2019) (including damage to customer relations and harm to reputation as sufficient allegations of damages from breach of contract). Accordingly, Plaintiff sufficiently pleads a claim for breach of contract.

### D. Permanent Injunction Factors and Proof of Damages

Rather than seeking monetary damages, Plaintiff asks this Court to grant default judgment in the form of a permanent injunction. A court may issue a permanent injunction in the context of a default judgment if a plaintiff establishes

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Moreno v. Tringali*, No. 14-4002, 2017 WL 2779746, at *11 (D.N.J. June 27, 2017) (quoting *E.A. Sween Co., Inc. v. Deli Exp. of Tenafly, LLC*, 19 F. Supp. 3d 560, 576 (D.N.J. 2014)) (granting permanent injunction based on the defendant's breach of a non-disparagement clause).

Turning to the first element, Plaintiff needs to demonstrate proof of "actual or imminent harm which otherwise cannot be compensated by money damages." *Frank's GMC Truck Ctr. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988). An injury adequately compensable by money damages is not an irreparable injury. *Id.* Moreover, a risk of injury is not enough—there needs to be a showing of "immediate irreparable injury," or a "presently existing actual threat." *Acierno v. New Castle County*, 40 F.3d 645, 655 (3d Cir. 1994). Irreparable injury includes loss of control of reputation, loss of trade, and loss of good will. *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 195 (3d Cir. 1990). In this instance, Plaintiff suffered an irreparable injury that cannot be adequately compensated by money. As discussed, Defendant sent

6

disparaging emails to two of Plaintiff's business contacts, Amazon.com and Macy's, and threatened to continue sending similar emails. As sufficiently explained by Plaintiff, the potential harm to Plaintiff's business and reputation would not be easily quantifiable in damages.

Next, Plaintiff must show that considering the balance of interests and hardships, a remedy is warranted. The Court must balance the harm that will occur to the moving party from the denial of the preliminary injunction with the harm that the non-moving party will incur if the injunction is granted. *See TD Bank N.A. v. Hill*, 928 F.3d 259, 283-84 (3d Cir. 2019). Here, the harm that Defendant will incur if the injunction is granted is outweighed by the harm to Plaintiff if the injunction is not granted. The injunction would preclude Defendant from making derogatory remarks about GCG, and its owners, officers, agents and employees. In essence, it would require Defendant to abide by the Non-Disparagement Clause in the Settlement Agreement. Defendant voluntarily entered into the Settlement Agreement and "agreed to the restrictions knowing their significance." *See Trico Equip., Inc. v. Manor*, No. 08-5561, 2009 WL 1687391, at *9 (D.N.J. June 15, 2009) (explaining that harm to defendant from enforcement of non-compete clause was "self-inflicted and not significant enough" to deny the plaintiff's requested relief).[1] As a result, the Court concludes that the harm to Defendant is at best negligible – she is only required to abide by the terms of a contract that she freely entered into. The harm to Defendant does not outweigh the harm to Plaintiff's business reputation and good will.

---

[1] While not the basis of the Court's decision to enter the permanent injunction here, the Court notes that Defendant agreed that a breach of the Non-Disparagement Clause would cause irreparable injury to Plaintiff, and that upon a breach, Plaintiff could seek to enforce the parties' Consent Permanent Injunction. Among other things, the Consent Permanent Injunction requires Defendant to comply with the Non-Disparagement Clause. Am. Compl. Ex. A, ¶ 11. While it does not enter into the Court's analysis as to whether an injunction should enter, the Defendant's agreement to injunctive relief does militate against a finding of harm to Defendant.

Finally, the public interest would not be disserved by a permanent injunction. Although this matter involves a dispute between private parties, the public has an interest in the protection of private contractual rights. *See, e.g.*, *Scholastic Funding Grp., LLC v. Kimble*, No. 07-557, 2007 WL 1231795, at *12 (D.N.J. Apr. 24, 2007) (concluding that the public interest favored enforcement of an employment agreement through a preliminary injunction). As such, Plaintiff establishes all of the necessary elements for a permanent injunction. The Court, therefore, grants Plaintiff's default judgment via a permanent injunction. The preliminary injunction in this matter will be converted to a permanent injunction.

### E.  Default Judgment Factors

Before entering default judgment, district courts must make explicit factual findings as to "(1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Here, all three factors weigh in favor of entering default judgment.

First, without a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by Defendant. Defendant has already damaged Plaintiff's business reputation and good will and threatened to do so again in the future. Consequently, Plaintiff will be prejudiced if default judgment is not entered. *See Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *3 (D.N.J. June 7, 2016). Next, although Defendant initially participated in this matter, she never filed an answer or otherwise responded to the Amended Complaint, and has not appeared at any court proceedings since the preliminary injunction was entered on April 11, 2019. Thus, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ.*

8

*Loan Corp.*, 2015 WL 273656, at *3. Additionally, it does not appear that a litigable defense is available as Plaintiff provided evidence demonstrating that Defendant breached the Non-Disparagement Clause. Finally, Defendant's failure to answer, without providing any reasonable explanation, permits the Court to draw an inference of culpability on her part. *See Int'l Union of Painters*, 2016 WL 3234516, at *3. As a result, the Court finds that default judgment is warranted.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment (D.E. 64) is **GRANTED**. An appropriate Order accompanies this Opinion.

Dated: May 12, 2020

                                                             John Michael Vazquez, U.S.D.J.